## NIEDHAMER v CINCINNATI STREET RAILWAY CO.

Ohio Appeals, 1st Dist, Hamilton Co

No 6011. Decided Nov 17, 1941

Ginocchio & Ginocchio, Cincinnati, for appellant.

Leo J. Brumleve, Jr., Cincinnati, for appellee.

**OPINION**

BY THE COURT:

In this case liability was admitted and the only issue submitted to the jury was the extent of the injury resulting from the negligence of the defendant. The jury returned a verdict for plaintiff for $700.00, and the plaintiff has appealed to this court, claiming that the award is inadequate and contrary to the manifest weight of the evidence, and that certain errors of law at the trial were prejudicial to her.

(1) An examination of the evidence discloses a direct conflict as to the extent of the plaintiff's injuries and incapacity resulting from the defendant's negligence. Under such circumstances, the issue was one for the jury and the court would not be justified in disturbing its finding.

(2) It is urged that the court erred in excluding an X-ray photograph of the plaintiff. It appears that two other photographs were admitted and that this one was excluded as merely repetitious. We cannot say that the court erred in so holding, and, furthermore, we are of the opinion that the matter was not of sufficient probative value under the circumstances to justify a reversal. Its exclusion was not prejudicial.

(3) It is also urged that the court erred in permitting Dr. Asbury—the plaintiff's physician, to testify over her objection.

We find that the plaintiff by voluntarily and specifically testifying on the subject waived the privilege. **Baker v Industrial Commission, 135 Oh St 491.**

(4) The court gave two special charges at the request of the defendant —one on the subject of the duty to disregard bias, prejudice, and sympathy in considering the evidence, and the other on the burden of proof.

It is not contended that these charges contained any erroneous statements, but it is urged that while proper in a general charge, they should not be given as special charges.

We are cited to no law in support of this position—and we know of none.

Finding no prejudicial error, the judgment is affirmed.

MATTHEWS, PJ., HAMILTON & ROSS, JJ., concur.